IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-mc-00005-MR

| | | |
|---|---|---|
| DONALD RICHARD BAGWELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| MARTIN K. REIDINGER, R. ANDREW MURRAY, and DONALD DAVID GAST, | ) ) ) | |
| | ) | |
| Respondents. | ) | |

**THIS MATTER** comes before the Court on the Petitioner's "Notice and Demand" [Doc. 1].

On February 16, 2021, the Petitioner Donald Richard Bagwell commenced the present miscellaneous action by filing a "Notice and Demand," along with several attachments, directed to the undersigned, the United States Attorney for the Western District of North Carolina, and an Assistant United States Attorney for the Western District of North Carolina as "respondents" and "trustees." [Doc. 1 at 1]. The Petitioner asserts that he, as "Contract Administrator," seeks to protect and defend his "and all other 'Claimants'' rights, privileges and beneficial interest with respect to [a] 'Global Identity Theft Treaty-258," which the Petitioner contends is part of an

international effort to "Drain the Swamp" and facilitate the "reality of . . . Heaven on Earth." [Id. at 7].

The Court has inherent authority to dismiss a frivolous action *sua sponte.* See Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012) (noting that "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid") (citing Mallard v. United States Dist. Ct. for S.D. of Iowa, 490 U.S. 296, 307-08 (1989)). A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("Legally frivolous claims are based on an 'indisputedly meritless legal theory' and including 'claims of infringement of a legal interest which clearly does not exist.'").

Here, the Petitioner's filing is incomprehensible and presents no cognizable basis upon which the Court can grant any relief. Accordingly, in the exercise of its discretion, the Court will dismiss this action as frivolous.

The Petitioner is advised that litigants do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, successive, abusive or vexatious actions. See Demos v. Keating, 33 F. App'x 918, 920 (10th Cir. 2002); Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir.

2

Case 1:21-mc-00005-MR   Document 3   Filed 03/01/21   Page 2 of 3

2002); In re Vincent, 105 F.3d 943, 945 (4th Cir. 1997). District courts have inherent power to control the judicial process and to redress conduct which abuses that process. Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001).

The Plaintiff is hereby informed that future frivolous filings will result in the imposition of a pre-filing review system. Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004); Vestal v. Clinton, 106 F.3d 553, 555 (4th Cir. 1997). If such a system is placed in effect, pleadings presented to the Court which are not made in good faith and which do not contain substance, will be summarily dismissed as frivolous. See Foley v. Fix, 106 F.3d 556, 558 (4th Cir. 1997). Thereafter, if such writings persist, the pre-filing system may be modified to include an injunction from filings. In re Martin–Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984).

**IT IS, THEREFORE, ORDERED** that the Petitioner's Notice and Demand [Doc. 1] is **DENIED**, and this civil action is **DISMISSED**.

The Clerk of Court is respectfully directed to close this civil action.

**IT IS SO ORDERED.**

Signed: March 1, 2021

Martin Reidinger
Chief United States District Judge

3